NEWMAN, Ex'r, vs. HENRY.

1. PAYMENT: *Privity essential to.*
   To constitute payment, there must be privity between the parties. And so where A. delivered his note to B., under an agreement that it was to be received in discharge of a prior note executed by A. to B., which the latter had assigned without A.'s knowledge, it did not discharge the original note.

2. ASSIGNMENT: *Of promissory note when insufficient to pass title.*
   And where, in such case, the subsequent note was transferred by the payee to the assignee of the original note, the latter having knowledge of the facts and circumstances, and refusing to surrender the original note, he acquired no title to the subsequent one.

APPEAL from *Desha* Circuit Court.
Hon. JOHN E. BENNETT, Circuit Judge.
*Garland*, for appellant.
*Palmer & Sanders*, contra.

WALKER, J.   Suit was brought by Newman, as executor of

the estate of Walworth, on a note executed by Henry to Fellows & Co., who assigned it to Walworth before maturity.

The defense interposed by Henry is want of consideration. The case was submitted to the court sitting as a jury, who, after having heard the evidence, found the facts to be: That Henry was indebted to Fellows & Co., $4,380.85, evidenced by note dated March 10, 1861, due ten months after; that after the note became due, Henry, at the request and by agreement with Fellows & Co., executed the $4,000 note, which was to be substituted for and in payment of the note for $4,380.85, the difference between the notes to be settled between them in another way; that the note for $4,380.85 had before that been transferred to Walworth, of which Henry had no notice; that after Fellows & Co. received the note of $4,000, they transferred it to Walworth, notifying him of the manner in which they held it; that Walworth never surrendered the note for $4,380.85, and that the same is now in suit, and that Walworth's representative is now seeking to collect both notes.

And upon the state of facts so found, the court declared the law applicable to the case to be:

1. That to constitute payment, there must be privity between the parties, and an extinction of the original debt.

2. That Walworth could acquire no rights in the $4,000 note, without positively surrendering the $4,380.85 note.

3. That Fellows & Co. had no right to put the $4,000 note in circulation without taking up the note for $4,380.85.

4. That Fellows & Co., if the agent of Henry, were such for a specific purpose, and could not bind Henry by any act outside of their authority.

5. That if the note sued on was without consideration, or the consideration had failed, in whole or in part, or if it was fraudulently put in circulation, the plaintiff, to protect him-

self against the equitable defense of the defendant, must show that he acquired it before it became due; that he had no notice, express or implied, of the equities of the maker, and that he received the paper in the course of trade.

To which finding of the evidence and rulings of the law, the plaintiff excepted. Judgment was rendered for defendant, and plaintiff appealed.

After a careful examination of the evidence, we think that the finding of the facts by the court are correct, but if doubtful, we should not, upon a question as to the weight of evidence, distrust the finding or the judgment rendered upon it on that account.

The rulings of the law by the court were not only correct, but had a direct application to the state of case presented by the evidence.

The evidence shows that the note for $4,000 was sent to Fellows & Co., by Henry, to be received as payment for the first note executed by him to them; that before that time, and without the knowledge of Henry, Fellows & Co. had assigned the note for $4,380.85 to Walworth, after which a payment to Fellows & Co. would not have discharged the assigned note. *Block v. Kirtland*, 21 Ark., 393. There had ceased to be a privity of contract between Henry and Fellows & Co. And therefore, the first ruling of the law by the court was correct.

The second, third and fourth rulings of the law, considered together, are: That if the note was placed in the hands of Fellows & Co. for a specific purpose, and under instruction, that Fellows & Co. could not, in any disposition of them, bind Henry beyond the scope of such instructions or authority; that they had no right to put the $4,000 note in circulation without first taking up the $4,380.85 note, and that Walworth, by the assignment, with a knowledge of the facts, acquired no

greater authority to withhold the note for $4,380.85, or over the note for $4,000, than Fellows & Co. had. The proof upon this point is, that the note of $4,000 was sent by mail by Henry to Fellows, with instructions to be used and applied for a particular purpose.

Henry deposed that Fellows & Co. proposed, by letter, that he should renew his note for $4,380.85, by giving them a new note for $4,000, in payment of the first, the difference between the notes to be settled otherwise between them. Henry accepted the proposition, and forwarded the note to Fellows & Co., supposing at the time that they were still the holders of the note for $4,380.85, with the express understanding that the first note should be delivered to him. It is shown, that at the time the note for $4,000 was received by Fellows & Co., they had parted with the first note, and in fact, held no debt against Henry, had no right to the note, and could neither receive satisfaction of it nor deliver it to Henry, and as a consequence their power and control over the $4,000 note ceased, or in fact never existed. It was to become their note upon a condition which they did not comply with, and in fact had not the power to comply with. According to the evidence of Logan, one of the firm, it was expressly agreed between the firm and Walworth, that Walworth, to whom they assigned the note for $4,000, would receive it in payment of that much of the $4,380.85, but was to hold the latter note until Fellows should pay to him a note for $2,687.49 they owed to him, which agreement was in direct violation of the terms upon which Henry placed the $4,000 note in the hands of Fellows & Co.; all of which was well known to Walworth.

And it was under this state of case found to exist, that the court gave the fifth ruling, to the effect that Walworth, the assignee of the $4,000, could only protect himself as a holder of the note received in the course of trade, as an innocent holder for a valuable consideration.

In this ruling of the court there was no error.

No one by the mere act of assignment can transfer a greater interest than he has, nor make that good which is vicious and unlawful. The assignment, whether by indorsement or delivery, but conveys the legal title and gives the right of action, and does not itself bar the equities. The rule which cuts them off is a rule of commercial policy, to facilitate trade and sustain commercial credit, and applies only where the note or bill has passed by indorsement or by delivery, into the hands of the assignee in the due course of trade, upon a consideration, and without notice of the existing grounds of defense as between maker and payee. *Bertrand v. Barkman,* 13 Ark., 150; *Coddington v. Bay,* 20 Johns., 638; Edwards on Bills and Notes, p. 56.

It appears from the evidence that the executor of Walworth has brought suit upon the first note for $4,380.85, which, so far as is disclosed by the evidence in this case, was received in the course of trade, and upon which he may have his recovery.

Finding no error in the proceedings and judgment in this case, the same is affirmed.